# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| WILLIAM JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cause No. 1:11-CV-009 JVB |
| OFFICER JEREMY WEBB, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff William Jackson, a prisoner confined at the Miami Correctional Facility, filed a complaint by counsel pursuant to 42 U.S.C. § 1983, against Fort Wayne Police Officer Jeremy Webb alleging that he used excessive and unnecessary force when he arrested Jackson. Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

According to the complaint, Defendant Officer Webb arrested Plaintiff on December 30, 2009, and drove him to the Saint Joseph Hospital. Plaintiff states that he told Defendant that "he would not consent to care, that the officer should take him, instead, directly to the Allen County Jail." (DE 1 ¶ 3). Plaintiff alleges that Defendant responded by choking him and otherwise brutalizing him, even though he was "neither fighting, fleeing, nor attempting to resist the officer's arrest, and posed no imminent threat of harm to anyone." (DE 1 ¶ 5).

Plaintiff brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Plaintiff alleges that "Defendant Webb's excessive and unreasonable force was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution and 24 U.S.C. § 1983." (DE 1 ¶ 7). "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). To the extent the Plaintiff suggests § 1983 as a substantive basis for his claim it is improper because "that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker*, 443 U.S. at 144 n. 3. "Notwithstanding its broad language section 1983 does not create substantive rights; rather it merely provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Estate of Smith v. Marasco*, 318 F.3d 497, 506 (3rd. Cir. 2003).

"*All* claims that law enforcement officers have used excessive force —deadly or not— in

2

the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham*, 490 U.S. at 395 (emphasis original). The Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's Cruel and Unusual Punishments Clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Plaintiff's allegations arise during his arrest and before he was booked into the jail, so this complaint must be brought pursuant to the Fourth Amendment.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). Giving Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his complaint's allegations are sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

For the foregoing reasons, the Court:

(1) GRANTS Plaintiff leave to proceed against Defendant on his Fourth Amendment excessive use of force claim; and

(2) DIRECTS the marshals service to effect service of process on Defendant, and DIRECTS the clerk's office to ensure that a copy of this Order is served on him along with the summons and complaint.

SO ORDERED on January 13, 2011.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VANBOKKELEN

UNITED STATES DISTRICT JUDGE